In re:                                           CASE NO. 6:09-BK-06245-KSJ

KA AND KM DEVELOPMENT, INC.,                     CHAPTER 11

                        Debtor.
_____/

DAVID HOLLANDER, VALERIE                         ADV. P. NO. 6:09-AP-00772-KSJ
HOLLANDER, SANJAY ADATIA,
BEENA ADATIA, LISA WOODWARD,
PAUL MURPHY, CATHERINE
MURPHY, CHARLOTTE ASHWICK,
BARRY ASHWICK, IAN WAGSTAFF,
SUSAN WAGSTAFF, STEPHEN PARK,
SUSAN PARK, NICHOLAS HILL,
LESLEY HILL, TREVOR LONG,
ELIZABETH LONG, PAYAN LAD,
PAMELA LAD, KISHORILAL SHAH,
JYOTI SHAH, PAUL GAPP, LORNA
GAPP, THEODORA SAMUAL, PETER
REYNOLDS, KAREN BARKER,
THOMAS CUNNINGHAM, KATE
CUNNINGHAM, ROBERT LIDDELL,
CARL WETHERILL, MILICA
WETHERILL, PAUL ASHBY
INDIVIDUALLY AND AS THE
EXECUTOR OF THE ESTATE OF ANN
ASHBY, PAUL DENNISON,
MADELEINE BLACKBURN, BRETT
ELLWAY, JULE ELLWAY, GARY
DUNN, CLIFFORD R. JUSTICE, SUSAN
BAINBRIDGE, RICHARD TOMSETT,
STEPHEN ELSON, TAHIR VIRK,
RASHPAL BAHT, KAMALJITBAHT,
JOHN RUSBY, HILARY RUSBY, JOHN
RUSSELL, HELEN HART, JASON R.
NELLYER, SARAH NELLYER, MATT
STEEL, AMIN K. SOMANI, KARIMA A.
SOMANI, DEREK GEORGE CLEMENT
WHITE, RUIXUE WANG, RALPH
HARRIS, KRISTEN BRYMER, GARRY
COLEMAN, SUZANNE COLEMAN,

PHILIP JOHN AUBREY, BRIGITTE MUNDEL, STEVEN HILTON, SUZANNE HILTON, IAN RATHBONE, MARGARET MAY RATHBORNE, JONATHAN GARNER, KERRIE GARNER, HUGH THOMAS FAWCETT, FIONA LOUISE FAWCETT, JOSHUA COLE, TERENCE KENNY, KRISHNAN INDRAN, SHEELA INDRAN, RAVI LOUIS VALDINI, MARY ROSE MCDOUGALL, PETER LIGHTOWLER, HEATHER LIGHTOWLER, PHILIP JAMES LEACH, ANNETTE LILIAN LEACH, RUSSELL RAMSAY, JACQUELINE BURNET RAMSAY, KEVIN MCGURK, LAURA HANNAH JAYNE HEWITT, LEE WORLEY, WILLIAM HENRY HISCOCKS, TINA SUSAN HISCOCKS GORDON MARK RICHARDS, MAUREEN JOY RICHARDS, PETER COUPLAND, SUSAN COUPLAND, STEPHEN ARNOLD BECKETT, JENNIFER RUTH BECKETT, ROSALIND HELEN SPANTON, NICHOLAS CHARLES DYSON, ALISON STRUTHERS, KENNETH HAUGHTON, SIMON ASTBURY, GEORGE GERARD DEMPSEY, SUSAN DEMPSEY, GAIL HOLDEN, ROGER FRAMPTON, ADRIAN BRUCE, NICOLLE BRUCE, DAVID RITCHIE PYPER, ISOBEL MCAINISH PYPER, CARL GEORGE WOODROFFE, NEIL BALLARD, JANET BALLARD, ANTHONY JAKARA, ELAINE SHAW, IAN KEITH TAYLOR, KAREN BARBARA TAYLOR, SHASHI GUPTA-BEHL, EDWARD JOHN DUDLEY, ANN MARIE DUDLEY, CAROLE VIVIEN WILLIAMS, BRIAN O'MARA, MARY O'MARA, ANNE HAYDEN, TERRY COLIN HAYDEN, JUDY MUIR, CHRISTOPHER OGLETHORPE, SARAH OGLETHORPE, STEPHEN GRAHAM, GAIL GRAHAM, AND MICHAEL DAVIES,

**Plaintiffs,**

**v.**

**KA AND KM DEVELOPMENT, INC., TITLECONCEPTS, LLC, SUNTRUST BANK, VINOD KALIDAS, NIRMASKSEE KALIDAS, AND ARTI V. KALIDAS,**

**Defendants.**

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, **KA AND KM DEVELOPMENT, INC.** ("KA" or "Debtor"), by and through its undersigned counsel, and pursuant to Rule 7007, Federal Rules of Bankruptcy Procedure, hereby serves its Answer and Affirmative Defenses to the Complaint filed by Plaintiffs, David Hollander and all other plaintiffs in this action (collectively, the "Plaintiffs"), and in support, states as follows:

## ANSWER

### Jurisdiction, Venue, and Parties

1. Admitted for jurisdictional purposes only. In all other respects, denied.

2. Admitted for venue purposes only. In all other respects, denied.

3. Admitted that Plaintiffs and KA entered into purchase and sale agreements. In all other respects, denied.

4. Admitted that KA is a Florida corporation having its principal place of business in Osceola County, Florida. Admitted that KA is currently a debtor in a chapter 11 bankruptcy proceeding. In all other respects, denied.

5. Without knowledge and therefore, denied.

6.   Without knowledge and therefore, denied.

7.   Without knowledge and therefore, denied.

8.   Without knowledge and therefore, denied.

9.   Without knowledge and therefore, denied.

## General Allegations

10.   Admitted.

11.   Without knowledge and therefore, denied.

12.   Without knowledge and therefore, denied.

## Factual Allegations

13.   Admitted to the extent Exhibit 1 speaks for itself.  In all other respects, denied.

14.   Without knowledge and therefore, denied.

15.   Admitted to the extent Exhibit 2 speaks for itself.  In all other respects, denied.

16.   Without knowledge and therefore, denied.

17.   Admitted to the extent Exhibit 1 speaks for itself.  In all other respects, denied.

18.   Without knowledge and therefore, denied.

19.   Admitted to the extent Exhibit 1 speaks for itself.  In all other respects, denied.

20.   Without knowledge and therefore, denied.

21.   Admitted to the extent Exhibit 3 speaks for itself.  In all other respects, denied.

22.   Without knowledge and therefore, denied.

23.   Admitted to the extent Exhibit 1 speaks for itself.  In all other respects, denied.

24.   Without knowledge and therefore, denied.

25.   Admitted to the extent Exhibit 1 speaks for itself.  In all other respects, denied.

26.     Without knowledge and therefore, denied.

27.     Admitted to the extent Exhibit 4 speaks for itself.  In all other respects, denied.

28.     Without knowledge and therefore, denied.

29.     Admitted to the extent Exhibit 5 speaks for itself.  In all other respects, denied.

30.     Without knowledge and therefore, denied.

31.     Admitted to the extent Exhibit 6 speaks for itself.  In all other respects, denied.

32.     Without knowledge and therefore, denied.

33.     Admitted to the extent Exhibit 7 speaks for itself.  In all other respects, denied.

34.     Without knowledge and therefore, denied.

35.     Admitted to the extent Exhibit 1 speaks for itself.  In all other respects, denied.

36.     Without knowledge and therefore, denied.

37.     Admitted to the extent Exhibit 1 speaks for itself.  In all other respects, denied.

38.     Without knowledge and therefore, denied.

39.     Admitted to the extent Exhibit 1 speaks for itself.  In all other respects, denied.

40.     Without knowledge and therefore, denied.

41.     Admitted to the extent Exhibit 8 speaks for itself.  In all other respects, denied.

42.     Without knowledge and therefore, denied.

43.     Admitted to the extent Exhibit 1 speaks for itself.  In all other respects, denied.

44.     Without knowledge and therefore, denied.

45.     Admitted to the extent Exhibit 1 speaks for itself.  In all other respects, denied.

46.     Without knowledge and therefore, denied.

47.     Admitted to the extent Exhibit 1 speaks for itself.  In all other respects, denied.

48.     Without knowledge and therefore, denied.

49. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

50. Without knowledge and therefore, denied.

51. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

52. Without knowledge and therefore, denied.

53. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

54. Without knowledge and therefore, denied.

55. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

56. Without knowledge and therefore, denied.

57. Admitted to the extent Exhibit 10 speaks for itself. In all other respects, denied.

58. Without knowledge and therefore, denied.

59. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

60. Without knowledge and therefore, denied.

61. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

62. Without knowledge and therefore, denied.

63. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

64. Without knowledge and therefore, denied.

65. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

66. Without knowledge and therefore, denied.

67. Admitted to the extent Exhibit 12 speaks for itself. In all other respects, denied.

68. Without knowledge and therefore, denied.

69. Admitted to the extent Exhibit 13 speaks for itself. In all other respects, denied.

70. Without knowledge and therefore, denied.

71. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

72. Without knowledge and therefore, denied.

73. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

74. Without knowledge and therefore, denied.

75. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

76. Without knowledge and therefore, denied.

77. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

78. Without knowledge and therefore, denied.

79. Admitted to the extent Exhibit 15 speaks for itself. In all other respects, denied.

80. Without knowledge and therefore, denied.

81. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

82. Without knowledge and therefore, denied.

83. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

84. Without knowledge and therefore, denied.

85. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

86. Without knowledge and therefore, denied.

87. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

88. Without knowledge and therefore, denied.

89. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

90. Without knowledge and therefore, denied.

91. Admitted to the extent Exhibit 15 speaks for itself. In all other respects, denied.

92. Without knowledge and therefore, denied.

93. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

94. Without knowledge and therefore, denied.

95. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

96. Without knowledge and therefore, denied.

97. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

98. Without knowledge and therefore, denied.

99. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

100. Without knowledge and therefore, denied.

101. Admitted to the extent Exhibit 16 speaks for itself. In all other respects, denied.

102. Without knowledge and therefore, denied.

103. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

104. Without knowledge and therefore, denied.

105. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

106. Without knowledge and therefore, denied.

107. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

108. Without knowledge and therefore, denied.

109. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

110. Without knowledge and therefore, denied.

111. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

112. Without knowledge and therefore, denied.

113. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

114. Without knowledge and therefore, denied.

115. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

116. Without knowledge and therefore, denied.

117. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

118. Without knowledge and therefore, denied.

119. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

120. Without knowledge and therefore, denied.

121. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

122. Without knowledge and therefore, denied.

123. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

124. Without knowledge and therefore, denied.

125. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

126. Without knowledge and therefore, denied.

127. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

128. Without knowledge and therefore, denied.

129. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

130. Without knowledge and therefore, denied.

131. Admitted to the extent Exhibit 17 speaks for itself. In all other respects, denied.

132. Without knowledge and therefore, denied.

133. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

134. Without knowledge and therefore, denied.

135. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

136. Without knowledge and therefore, denied.

137. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

138. Without knowledge and therefore, denied.

139. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

140. Without knowledge and therefore, denied.

141. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

142. Without knowledge and therefore, denied.

143. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

144. Without knowledge and therefore, denied.

145. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

146. Without knowledge and therefore, denied.

147. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

148. Without knowledge and therefore, denied.

149. Admitted to the extent Exhibit 18 speaks for itself. In all other respects, denied.

150. Without knowledge and therefore, denied.

151. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

152. Without knowledge and therefore, denied.

153. Admitted to the extent Exhibit 1 speaks for itself. In all other respects, denied.

154. Without knowledge and therefore, denied.

155. Without knowledge and therefore, denied.

156. Without knowledge and therefore, denied.

157. Without knowledge and therefore, denied.

158. Without knowledge and therefore, denied.

## COUNT I

159. KA re-alleges and re-states its answers to paragraphs 1 through 158 as if fully set forth herein.

160. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

161. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

162. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, denied that these specific statutes apply to KA or the instant dispute.

163. Denied.

164. Denied.

165. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

166. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

167. Denied.

168. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

169. Denied.

170. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

171. Denied.

172. Denied.

173. Without knowledge and therefore, denied.

174. Denied.

**WHEREFORE**, Defendant, KA and KM Development, Inc., requests that this Court dismiss Count I of the Plaintiffs' Complaint with prejudice and for such further relief this Court deems just and proper.

## COUNT II

175.    KA re-alleges and re-states its answers to paragraphs 1 through 158 and 226 through 249 as if fully set forth herein.

176.    Denied.

177.    Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

178.    Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

179.    Denied.

180.    Denied.

181.    Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

182.    Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

183.    Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

184.    Without knowledge and therefore, denied.

185.    Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

190. Admitted to the extent the Declaration speaks for itself. In all other respects, denied.

191. Admitted to the extent the Declaration speaks for itself. In all other respects, denied.

192. Denied.

193. Admitted that the Plaintiffs' breached the subject agreements. In all other respects, denied.

**WHEREFORE**, Defendant, KA and KM Development, Inc., requests that this Court dismiss Count II of the Plaintiffs' Complaint with prejudice and for such further relief this Court deems just and proper.

## COUNT III

194. KA re-alleges and re-states its answers to paragraphs 1 through 158 and 175 through 193 as if fully set forth herein.

195. Denied.

196. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

197. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

198. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

199. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

200.     Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

201.     Denied.

202.     Denied.

203.     Denied.

204.     Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

205.     Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

206.     Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

207.     Denied.

208.     Denied.

209.     Denied.

**WHEREFORE**, Defendant, KA and KM Development, Inc., requests that this Court dismiss Count III of the Plaintiffs' Complaint with prejudice and for such further relief this Court deems just and proper.

## **COUNT IV**

210.     KA re-alleges and re-states its answers to paragraphs 1 through 158 and 226 through 249 as if fully set forth herein.

211.     Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

212.    Admitted to the extent the Declaration speaks for itself.  In all other respects, denied.

213.    Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

214.    Denied.

215.    Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

216.    Admitted that the development subject to this lawsuit contains more than 20 individual units.  In all other respects, denied.

217.    Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

218.    Denied.

219.    Denied.

220.    Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

221.    Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

222.    Denied.

223.    Denied

224.    Denied.

**WHEREFORE**, Defendant, KA and KM Development, Inc., requests that this Court dismiss Count IV of the Plaintiffs' Complaint with prejudice and for such further relief this Court deems just and proper.

## COUNT V

225. KA re-alleges and re-states its answers to paragraphs 1 through 158 and 211 through 224 as if fully set forth herein.

226. Admitted that KA provided information about the Units to purchasers. In all other respects, denied.

227. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

228. Denied.

229. Without knowledge and therefore, denied.

230. Denied.

231. Admitted that KA provided information about the Units to purchasers. In all other respects, denied.

232. Denied.

233. Denied.

234. Denied.

235. Denied.

236. Denied.

237. Denied.

238. Denied.

239. Denied.

240. Denied.

241. Denied.

242. Denied.

243. Denied.

244. Denied.

245. Denied.

246. Denied.

247. Denied.

248. Without knowledge and therefore, denied.

249. Denied.

250. Denied.

251. Denied.

252. Without knowledge and therefore, denied.

**WHEREFORE**, Defendant, KA and KM Development, Inc., requests that this Court dismiss Count V of the Plaintiffs' Complaint with prejudice and for such further relief this Court deems just and proper.

## COUNT VI

253. KA re-alleges and re-states its answers to paragraphs 1 through 252 as if fully set forth herein.

254. Without knowledge and therefore, denied.

255. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

256. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

257. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

258.	Denied

259.	Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

260.	Denied.

261.	Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

262.	Denied.

263.	Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

264.	Denied.

265.	Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

266.	Denied.

267.	Denied.

268.	Denied.

**WHEREFORE**, Defendant, KA and KM Development, Inc., requests that this Court dismiss Count VI of the Plaintiffs' Complaint with prejudice and for such further relief this Court deems just and proper.

## COUNT VII

269.	KA re-alleges and re-states its answers to paragraphs 1 through 158 as if fully set forth herein.

270.	Admitted for jurisdictional purposes only. In all other respects, denied.

271.	Admitted to the extent the contract speaks for itself. In all other respects, denied.

272.   Without knowledge and therefore, denied.

273.   Denied.

274.   Denied.

275.   Admitted to the extent the contract speaks for itself.  In all other respects, denied.

276.   Admitted to the extent the contract speaks for itself.  In all other respects, denied.

277.   Denied.

278.   Admitted to the extent the contract speaks for itself.  In all other respects, denied.

279.   Denied.

280.   Admitted to the extent the contract speaks for itself.  In all other respects, denied.

281.   Without knowledge and therefore, denied

282.   Without knowledge and therefore, denied.

**WHEREFORE**, Defendant, KA and KM Development, Inc. , requests that this Court dismiss Count VII of the Plaintiffs' Complaint with prejudice and for such further relief this Court deems just and proper.

## COUNT VIII

283.   KA re-alleges and re-states its answers to paragraphs 1 through 158, 270 through 282 and 306 through 318 as if fully set forth herein.

284.   Denied.

285.   Denied.

286.   Denied.

287.   Denied.

288.   Denied.

**WHEREFORE**, Defendant, KA and KM Development, Inc., requests that this Court dismiss Count VIII of the Plaintiffs' Complaint with prejudice and for such further relief this Court deems just and proper.

## COUNT IX

289.    KA re-alleges and re-states paragraphs 1 through 288 as if fully set forth herein.

290.    Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

291.    Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

292.    Denied.

293.    Admitted that Plaintiffs failed to close on the contracts.    In all other respects, denied.

294.    Without knowledge and therefore, denied.

295.    Without knowledge and therefore, denied.

296.    Without knowledge and therefore, denied.

297.    Without knowledge and therefore, denied.

298.    Without knowledge and therefore, denied.

299.    Without knowledge and therefore, denied.

300.    Without knowledge and therefore, denied.

301.    Without knowledge and therefore, denied.

302.    Denied.

303.    Denied.

304.    Denied.

**WHEREFORE**, Defendant, KA and KM Development, Inc. requests that this Court dismiss Count IX of the Plaintiffs' Complaint with prejudice and for such further relief this Court deems just and proper.

## COUNT X

305. KA re-alleges and re-states paragraphs 1 through 304 as if fully set forth herein.

306. Without knowledge and therefore, denied.

307. Denied.

308. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

309. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

310. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

311. Admitted that the Plaintiffs materially breached the contracts. In all other respects, denied.

312. Denied.

313. Without knowledge and therefore, denied.

314. Denied.

315. Denied

316. Denied.

317. Without knowledge and therefore, denied.

318. Without knowledge and therefore, denied.

**WHEREFORE**, Defendant, KA and KM Development, Inc. requests that this Court dismiss Count X of the Plaintiffs' Complaint with prejudice and for such further relief this Court deems just and proper.

## GENERAL DENIAL

To the extent an allegation is not specifically admitted, such allegation, whether express or implied, is denied.

## AFFIRMATIVE DEFENSE

KA asserts the following defenses to Plaintiffs' Complaint:

### First Affirmative Defense

Plaintiffs' assertion claiming that the sale of a non-residential condo-hotel Unit, which is zoned as commercial property, and may not be considered a principal residence, is covered under ILSFDA, falls woefully short because the sale of the Unit is not a "Lot" as defined under ILSFDA. The term lot has been defined as "any portion, piece, division, unit or undivided interest in land if such interest includes the right to the exclusive use of a specific portion of the land or unit. This applies to the sale of a condominium or cooperative unit or a campsite as well as a traditional lot." *See* 61 Fed. Reg. 13602.

The Units and Hotel do not fall within the definition of "lots" because: (1) the Units are not "condominiums;" and (2) the Plaintiffs do not have "exclusive" use over the Units. *See Becherer v. Merrill Lynch, et al.*, 127 F.3d 478 (6th Cir. 1997). Therefore, Plaintiffs' claim that KA violated ILSFDA fails.

### Second Affirmative Defense

In order to assert a claim seeking rescission and/or revocation and a refund of deposits paid for violations of ILSFDA under 15 USC § 1703, a party must bring forth said claim within

two (2) years from the execution of the purchase agreement. *See* 15 U.S.C. §1711(b); *see also Jankus v. Edge Investors, L.P.*, 2009 WL 961154 (S.D.Fla. 2009). The accrual date is the date that a party signed the purchase agreement. *See Plaza Court, L.P. v. Baker-Chaput*, --- So.3d ---, 2009 WL 1809921, *8 (Fla. 5th DCA 2009). Plaintiffs have failed to bring forth their action within the applicable statute of limitations, therefore Plaintiffs' claim that KA violated ILSFDA is barred.

### Third Affirmative Defense

KA is exempt from the obligations of a developer under ILSFDA because the Unit Contract contains a provision that obligates it to complete the construction of the Unit within two (2) years. As such, KA is not subject to the requirements of ILSFDA and Plaintiffs have failed to state a claim under ILSFDA.

### Fourth Affirmative Defense

Plaintiffs have failed and continue to fail to allege that it sustained any damages for any alleged violation of ILSFDA and Plaintiffs' ILSFDA claim must be dismissed.

### Fifth Affirmative Defense

Plaintiffs have failed and continue to fail to state a claim under the Securities Act of 1933. *See* Guidelines as the Application of Federal Securities Laws to Offers and Sales of Condominiums or Units in a Real Estate Development, SEC Release No. 33-5347 (January 4, 1973)("Guidelines"). The sale of the Units does not fall within the definition of a "security" under the Securities Act of 1933. Therefore, Plaintiffs' claim for violation of 15 U.S.C. § 77(e) fails and must be dismissed.

## Sixth Affirmative Defense

Plaintiffs have failed to bring their action within the applicable statute of limitations. 15 U.S.C. § 77m provides that "[n]o action shall be maintained to enforce liability created under § 77(a)(1) of this title, unless brought within one year of the violation upon which it is based." Plaintiffs have failed to bring their claim in a timely manner and it is therefore, barred by the statute of limitations.

## Seventh Affirmative Defense

Plaintiffs can not sustain a cause of action under the Securities Exchange Act of 1933. First, there was never any expectation that profit and/or any expected profit from the sale of the Unit was to be derived solely from activities of KA. Furthermore, there was never any common enterprise among the investors.

## Eighth Affirmative Defense

Plaintiffs cannot sustain a claim for violation of Chapter 517 of the Florida Statutes. First, there was never any expectation that profit, and/or any expected profit from the sale of the Unit was to be derived solely from activities of the Defendant. Second, there was never any common enterprise among investors. Third, the Unit Contract is for the purchase of an interest in real property and does not constitute a security. *See Security and Exchange Commission v. W.J. Howey*, 328 U.S. 293 (1946); *Slayter v. DC 701, LLC*, 2008 WL 2695645 (M.D.Fla. 2008). As such, Plaintiffs' claim for violation of Chapter 517 fails.

## Ninth Affirmative Defense

The Florida Securities and Investor Protection Act has a two-year statue of limitations. *See* Fla. Stat. 95.11(4)(3). Plaintiffs have failed to bring their Chapter 517 action in a timely manner. Therefore, Plaintiffs' claim is barred by the statute of limitations.

## Tenth Affirmative Defense

Plaintiffs cannot maintain a claim for violation of Chapter 718.202, Florida Statutes because the Units do not fall within the definition of "condominium" or more importantly, "residential condominium" under Section 718.103(11) and Section 718.03(23) of the Florida Statutes. As such, KA is not subject to the requirements outlined in this Section. Furthermore, KA has posted a bond in place of said deposit in accordance with Chapter 718. In any event, Plaintiffs' claim for violation of Chapter 718.202, Florida Statutes fails and must be dismissed.

## Eleventh Affirmative Defense

Plaintiffs cannot sustain a claim for violation under Florida Statute § 718.503 because they have failed and continue to fail to demonstrate how any alleged changes made to the Hotel were adverse to the Plaintiffs and fail to demonstrate how they were allegedly damaged. Furthermore, the Units do not fall within the definition of "condominium" or more importantly, "residential condominium" under Section 718.103(11) and Section 718.03(23) of the Florida Statutes. As such, KA is not subject to the requirements outlined in this Section. Therefore, Plaintiffs' claim for violation of Section 718.503 of the Florida Statutes fails.

## Twelfth Affirmative Defense

Plaintiffs cannot maintain a claim for violation under Florida Statute § 718.506 because: (1) the KA Units were built in accordance to the information provided to Plaintiffs; (2) KA did not make any material misrepresentations concerning the size of the Units; and (3) Plaintiffs failed and continue to fail to demonstrate how any alleged changes made to the Hotel were adverse to the Plaintiffs. Furthermore, the Units do not fall within the definition of "condominium" or more importantly, "residential condominium" under Section 718.103(11) and Section 718.03(23) of the Florida Statutes. As such, KA is not subject to the requirements

outlined in this Section. As such, Plaintiffs' claim for violation under Florida Statute § 718.506 fails and must be dismissed.

## Thirteenth Affirmative Defense

Plaintiffs cannot maintain a claim for violation under the Florida Deceptive and Unfair Trade Practices Act (F.S.A. § 501.201 et seq.). Plaintiffs base such FDUTPA claims solely on the incorrect assertion that KA has violated 15 U.S.C. § 1703 (ILSFDA), the Security Act of 1933, and Chapter 517 and Chapter 718 of the Florida Statutes. As set forth above, Plaintiffs simply cannot maintain actions under any of these federal or Florida statutes. Therefore, Plaintiffs' FDUTPA claim also fails. Furthermore, Plaintiffs did not sustain any damages because of any alleged "unfair trade practice." As a result, Plaintiffs' claim must be dismissed.

## Fourteenth Affirmative Defense

Plaintiffs have failed and continue to fail to close on the Unit in accordance with Sections 8, 12 and 26 of the Unit Contract. As a result, Plaintiffs have materially breached the Unit Contract and KA has suffered damages as a direct result. As such, and in accordance with the Unit Contract, KA is entitled to retain the down payments received as liquidated damages, as well as accrued interest and attorneys' fees. Plaintiffs failed to timely send notice of cancellation of the contract, failed to close on the Unit, and thus were the first and only parties to materially breach the Unit Contract. Any allegation made by Plaintiffs in the Complaint, including breach of contract, is precluded from recovery because Plaintiffs committed the first material breach. *See Nacoochee Corporation v. Pickett*, 948 So. 2d 26 (Fla. 1st DCA 2006). Therefore, under the Unit Contract, KA is entitled to retain Plaintiffs' down payment as liquidated damages. Therefore, Plaintiffs' breach of contract claim must be dismissed.

## Fifteenth Affirmative Defense

Plaintiffs' claim for equitable liens fail because: (1) Plaintiffs have waived their right to any lien on the Units; (2) there are no circumstances in equity or otherwise that would entitle Plaintiffs to equitable liens on the property; and (3) any equitable lien would simply be avoided by the Debtor's Section 544(a) powers. As such, Plaintiffs can not prove they are entitled to any valid and unavoidable equitable liens.

## Sixteenth Affirmative Defense

Plaintiffs are not entitled to declaratory relief because Plaintiffs committed the first material breach of contract with KA by failing to close in accordance with the Unit Contract. As a result, the down payment funds are property of the Debtor and not of the Plaintiffs. Therefore, Plaintiffs are not entitled to declaratory relief and their claim must fail. KA will subsequently submit a detailed memorandum of law concerning this specific objection.

## Seventeenth Affirmative Defense

The Complaint fails to state a claim under ILSFDA upon which relief can be granted.

## Eighteenth Affirmative Defense

The Complaint fails to state a claim under the Securities Act of 1933 upon which relief can be granted.

## Nineteenth Affirmative Defense

The Complaint fails to state a claim under the Florida Securities and Investor Protection Action upon which relief can be granted.

### Twentieth Affirmative Defense

Plaintiffs' claims are barred by the doctrines of estoppel and unclean hands. Plaintiffs have materially breached the Unit Contracts and therefore, are estopped from claiming entitlement to relief under said contracts. Therefore, Plaintiffs' claims must be dismissed.

### RESERVATION OF RIGHTS

KA reserves the right to amend this answer, add affirmative defenses, or assert permissive cross claims as discovery progresses.

Respectfully submitted this 6th day of August, 2009.

/s/ Elizabeth A. Green

Elizabeth A. Green
Florida Bar No. 0600547
Justin M. Luna
Florida Bar No. 0037131
Latham, Shuker, Eden & Beaudine, LLP
390 North Orange Avenue, Suite 600
Orlando, Florida 32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801
Attorneys for KA and KM Development, Inc.

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In re:                                          CASE NO. 6:09-BK-06245-KSJ

**KA AND KM DEVELOPMENT, INC.,**                CHAPTER 11

         **Debtor.**

_____/

**DAVID HOLLANDER,** *et al.,*                  ADV. P. NO. 6:09-AP-00772-KSJ

         **Plaintiffs,**

v.

**KA AND KM DEVELOPMENT, INC.,** *et al.*

         **Defendants.**

_____/

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to: John L. Urban, Urban Their Federer & Jackson, a/f Plaintiffs, 200 S. Orange Avenue, Suite 2025 Orlando, Florida 32801; Suntrust Bank, c/o Denise Dell-Powell, Akerman Senterfitt, PO Box 231, Orlando, Florida 32802; Peter Hill, Esq., Wolff, Hill, McFarlin & Herron, P.A., 1851 W. Colonial Drive, Orlando, FL 32804; and the U.S. Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801 this 6th day of August 2009.

                        /s/ Elizabeth A. Green
                        Elizabeth A. Green