UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:

KA AND KM DEVELOPMENT, INC.  CASE NO.: 6:09-bk-06245-KSJ

    Debtor,
_____/

DAVID HOLLANDER, et al.

    Plaintiffs,

v.  Adv Proc. No.: 6:09-ap-00772-KSJ

KA AND KM DEVELOPMENT, INC., et al,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, **VINOD KALIDAS ("Vinod"), NIRMAKSEE KALIDAS ("Nirmaksee"), and ARTI V. KALIDAS ("Arti")(collectively, the "Kalidas Defendants")**, by and through their undersigned counsel, and pursuant to Rule 7007, Federal Rules of Bankruptcy Procedure, hereby serve their Answer and Affirmative Defenses to the Complaint filed by Plaintiffs, David Hollander and all other plaintiffs in this action (collectively, the "Plaintiffs"), and in support, state as follows:

### ANSWER

### Jurisdiction, Venue, and Parties

1. Denied.

2. Denied.

3. The Kalidas Defendants deny generally the allegations contained in paragraphs 3 and 13 through 154 of the complaint and demand strict proof thereof.

4. Admitted that KA is a Florida corporation having its principal place of business in Osceola County, Florida. Admitted that KA is currently a debtor in a chapter 11 bankruptcy proceeding. In all other respects, denied.

5. Without knowledge and therefore, denied.

6. Without knowledge and therefore, denied.

7. Admitted that Vinod is an individual, that he resides in Orange County, Florida, that he is and has been president and a director of KAKM, and that he is sui juris. Otherwise denied.

8. Admitted that Nirmaksee is an individual, that she resides in Orange County, Florida, that she is and has been treasurer and a director of KAKM, and that she is sui juris. Otherwise denied.

9. Admitted that Arti is an individual, that she resides in Orange County, Florida, that she is and has been secretary and a director of KAKM, and that she is sui juris. Otherwise denied.

10. Admitted.

11. Without knowledge and therefore, denied.

12. Without knowledge and therefore, denied.

155. Without knowledge and therefore, denied.

156. Without knowledge and therefore, denied.

157. Without knowledge and therefore, denied.

158. Without knowledge and therefore, denied.

159. The Kalidas Defendants make no answer to the allegations contained in paragraphs 159 through 174 of the complaint since Plaintiffs seek no relief against the Kalidas Defendants in the counts of the complaint addressed in those paragraphs.

175. The Kalidas Defendants restate their answers to the allegations contained in paragraphs 1 through 158 and 226 through 249 and incorporate them herein.

176. Denied.

177. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

178. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

179. Denied.

180. Denied.

181. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

182. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

183. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

184. Without knowledge and therefore, denied.

185. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

190. Admitted to the extent the Declaration speaks for itself. In all other respects, denied.

191. Admitted to the extent the Declaration speaks for itself. In all other respects, denied.

192. Denied.

193. Admitted that the Plaintiffs' breached the subject agreements. In all other respects, denied.

194. The Kalidas Defendants restate their answers to the allegations contained in paragraphs 1 through 158 and 175 through 193 and incorporate them herein.

195. Denied.

196. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

197. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

198. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

199. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

200. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

201. Denied.

202. Denied.

203. Denied.

204. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

205. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

206. Plaintiffs make a legal conclusion of which no formal response is required. Nevertheless, without knowledge and therefore, denied.

207. Denied.

208. Denied.

209. Denied.

210. The Kalidas Defendants make no answer to the allegations contained in paragraphs 210 through 318 of the complaint since Plaintiffs seek no relief against the Kalidas Defendants in the counts of the complaint addressed in those paragraphs.

## GENERAL DENIAL

To the extent an allegation is not specifically admitted, such allegation, whether express or implied, is denied.

## AFFIRMATIVE DEFENSE

The Kalidas Defendants assert the following defenses to Plaintiffs' Complaint:

### First Affirmative Defense

Plaintiffs have failed and continue to fail to state a claim under the Securities Act of 1933. *See* Guidelines as the Application of Federal Securities Laws to Offers and Sales of Condominiums or Units in a Real Estate Development, SEC Release No. 33-5347 (January 4,

1973)("Guidelines"). The sale of the Units does not fall within the definition of a "security" under the Securities Act of 1933. Therefore, Plaintiffs' claim for violation of 15 U.S.C. § 77(e) fails and must be dismissed.

## Second Affirmative Defense

Plaintiffs have failed to bring their action within the applicable statute of limitations. 15 U.S.C. § 77m provides that "[n]o action shall be maintained to enforce liability created under § 77(a)(1) of this title, unless brought within one year of the violation upon which it is based." Plaintiffs have failed to bring their claim in a timely manner and it is therefore, barred by the statute of limitations.

## Third Affirmative Defense

Plaintiffs can not sustain a cause of action under the Securities Exchange Act of 1933. First, there was never any expectation that profit and/or any expected profit from the sale of the Unit was to be derived solely from activities of KA. Furthermore, there was never any common enterprise among the investors.

## Fourth Affirmative Defense

Plaintiffs cannot sustain a claim for violation of Chapter 517 of the Florida Statutes. First, there was never any expectation that profit, and/or any expected profit from the sale of the Unit was to be derived solely from activities of the Defendant. Second, there was never any common enterprise among investors. Third, the Unit Contract is for the purchase of an interest in real property and does not constitute a security. *See Security and Exchange Commission v. W.J. Howey*, 328 U.S. 293 (1946); *Slayter v. DC 701, LLC*, 2008 WL 2695645 (M.D.Fla. 2008). As such, Plaintiffs' claim for violation of Chapter 517 fails.

### Fifth Affirmative Defense

The Florida Securities and Investor Protection Act has a two-year statue of limitations. *See* Fla. Stat. 95.11(4)(3). Plaintiffs have failed to bring their Chapter 517 action in a timely manner. Therefore, Plaintiffs' claim is barred by the statute of limitations.

### Sixth Affirmative Defense

The Complaint fails to state a claim under the Securities Act of 1933 upon which relief can be granted.

### Seventh Affirmative Defense

The Complaint fails to state a claim under the Florida Securities and Investor Protection Action upon which relief can be granted.

### RESERVATION OF RIGHTS

The Kalidas Defendants reserve the right to amend this answer, add affirmative defenses, or assert permissive cross claims as discovery progresses.

Respectfully submitted this 7th day of August, 2009.

/s/ Peter N. Hill
Peter N. Hill
Florida Bar No. 368814
Wolff, Hill, McFarlin & Herron, P.A.
1851 W. Colonial Drive
Orlando, Florida 32804
Telephone: (407) 648-0058
Facsimile: (407) 648-0671
Attorneys for the Kalidas Defendants

### CERTIFICATE OF SERVICE

I certify that on August 7, 2009 a copy of the foregoing was sent by United States first class mail, postage prepaid, or by electronic mail to: Denise D Dell-Powell, Esq., AkermanSenterfitt, P O Box 231, Orlando, FL 32802, John L Urban, Esq., Urban Thier Federer

& Jackson PA, 200 S Orange Avenue, Suite 2025, Orlando, FL 32801, Titleconcepts, LLC, c/o Philip L. Logas, as Registered Agent, 121 S Orange Avenue, Suite 1470, Orlando, FL 32801; and to Elizabeth E. Green, Esq., Latham Shuker Eden & Beaudine, LLP, P O Box 3353, Orlando, FL 32802.

/s/Peter N. Hill
Attorney